UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

BRADLEY WILLIAM MONICAL,

        Plaintiff,

    v.

JACKSON COUNTY, et al.,

        Defendants.

Case No. 1:17-cv-00476-YY

OPINION AND ORDER

In a previous order, the court granted summary judgment in favor of defendants as to plaintiff's claims regarding conditions of confinement, First Amendment violations, and the denial of due process, primarily because plaintiff, who is currently incarcerated at the Oregon State Prison, failed to exhaust the available administrative remedies before filing suit as required by the Prison Litigation Reform Act. Opinion & Order (Dec. 16, 2022) 35, ECF 294; *see also* 42 U.S.C. § 1997e(a). The court found, however, that the grievance procedure was rendered unavailable to plaintiff with regard to the allegation that defendants violated plaintiff's constitutional right to access the courts by denying his requests to use the jail's law library, and thus excused plaintiff's failure to exhaust that claim. Opinion & Order (Dec. 16, 2022) 16–17, ECF 294; *see also* Third Am. Compl. 14–17, ECF 150.

Plaintiff asserts that three separate claims were "hampered or denied by the defendants denial of access to the courts." Pl. Mot. Summ. J. 19, ECF 247 (as written). First, plaintiff alleges

that the lack of access to the law library prevented him from timely seeking state post-conviction and federal habeas relief related to Coos County Case No. 11CR0581. Third. Am. Compl. 14, ECF 150. Second, plaintiff alleges that the lack of law library access caused him to miss filing deadlines for state and federal post-conviction relief in connection with Jackson County Case No. 113373FE. *Id.* at 15. Finally, plaintiff asserts that in December of 2013, he "would have started a civil suits claim against the defendants . . . had he been given access to the law library and access to the courts." *Id.* at 16 (as written).

The court granted summary judgment in defendants' favor on plaintiff's access to the courts claim based on plaintiff's inability to file a federal habeas action for his Coos County conviction, because the one-year deadline to timely file a habeas petition elapsed on September 13, 2014, which was outside the two-year statutory limitations period for plaintiff's current suit. Opinion & Order (Dec. 16, 2022) 18, ECF 294; *see also* Order (Feb. 5, 2020) 17, ECF 141; Order (Mar. 23, 2021) 12, ECF 188. The court also granted summary judgment in defendants' favor on plaintiff's access to the courts claim based on his inability to file a civil suit regarding conditions of confinement in 2013 on the same statute of limitations grounds. *Id.* at 18–19.

That left pending plaintiff's access to the courts claim based on state post-conviction relief for his Coos County conviction, and federal habeas and state post-conviction relief for his Jackson County conviction. *Id.* at 19. And in evaluating those claims, the court found evidence that suggested plaintiff's claims for state post-conviction relief for the Coos County and Jackson County convictions were still pending. *See* Monical Decl. Ex. 55 at 8, ECF 267 at 393. The court ordered the parties to submit supplement briefing on the following issues:

- Plaintiff's claim that defendants prevented him from bringing a suit for post-conviction relief under state law regarding Coos County Case No. 11CR0581, including what effect, if any, plaintiff's 2017 post-conviction petition (Marion County Circuit Court Case No. 17CV13576) and appeal have on the analysis. *See* Monical

Decl. Ex. 55, ECF 267 at 386–95.

- Plaintiff's claim that defendants prevented him from bringing a suit for federal habeas relief or post-conviction relief under state law regarding Jackson County Case No. 113373FE, including what effect, if any, plaintiff's 2017 post-conviction petition (Marion County Circuit Court Case No. 17CV13576) and appeal have on the analysis. *See id.*

- What remedy, if any, plaintiff would be entitled to if he were to prevail on any or all of the surviving access to the courts claims.

Order (Dec. 19, 2022), ECF 295. The parties have now submitted the requested supplemental briefing, and the parties' cross-motions for summary judgment on plaintiff's remaining access to courts claims are ripe for determination. ECF 303, 307, 310, 315.

It is well-established that an inmate has a constitutionally protected right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *abrogated in part on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). The right means that an inmate must have the "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 357. It is not "an abstract, freestanding right to a law library or legal assistance," and the Supreme Court has specifically declined to require any "particular methodology" that prisons must use to ensure inmates have constitutionally adequate access to courts. *Id.* at 357; *see also Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999) ("The scope of the right of access to the courts is quite limited . . . . The Constitution does not even mandate 'that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts.' ") (quoting *Lewis*, 518 U.S. at 360).

The inmate must establish an actual injury, which means some "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim," as distinct from merely showing that the "prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 348, 351. This

"injury requirement is not satisfied by just any type of frustrated legal claim." *Simmons v.
Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1159 (9th Cir. 2003) (quoting *Lewis*, 518 U.S. at
354–55). The claim must relate to the inmate's direct or collateral challenge to their sentence, or
a suit challenging the conditions of confinement. *Id.* "Impairment of any *other* litigating capacity
is simply one of the incidental (and perfectly constitutional) consequences of conviction and
incarceration." *Id.* (emphasis in original).

"Where a prisoner asserts a backward-looking denial of access claim—one, as here,
seeking a remedy for a lost opportunity to present a legal claim—he must show: 1) the loss of a
'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3)
a remedy that may be awarded as recompense but that is not otherwise available in a future suit."
*Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (quoting *Christopher v. Harbury*, 536 U.S.
403, 413–14 (2002)), *judgment vacated on other grounds*, 555 U.S. 1150 (2009).

Plaintiff's remaining access to the courts claims fail for several reasons. First, it is
undisputed that plaintiff's state post-conviction relief claims for both the Coos County and
Jackson County convictions are still pending. *See* Baumann Decl. Ex. 3 at 3–4, ECF 304.
Additionally, those post-conviction claims were recently remanded from the Oregon Court of
Appeals to the Marion County Circuit Court specifically to consider arguments that the
untimeliness of plaintiff's post-conviction claims should be excused. *Id.*; *see also id.*, Ex. 2, ECF
304 (joint motion to remand). The potential remedies available in plaintiff's post-conviction case
are broad, including "release, new trial, modification of sentence, and other such relief as may be
proper and just." O.R.S. § 138.520. Thus, plaintiff cannot show that there is a remedy "not
otherwise available" in another case. *Christopher*, 536 U.S. at 415; *see also id.* ("There is, after
all, no point in spending time and money to establish the facts constituting denial of access when

a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.").

Moreover, plaintiff routinely had access to legal assistance through lawyers and had some access to the law library while in custody during the relevant time. Plaintiff was represented by numerous attorneys for his criminal matters, and at least two attorneys helped him with non-criminal matters related to plaintiff's allegedly frustrated claims here. *See* Pl. Resp. 20, ECF 63 ("[P]laintiff's criminal attorney Terry Kolkey, served the Jackson County Sheriff's Dept. with a subpoena for case #13-00365 MC USA v. Monical . . . in order to determine if he could get the federal court to relocate Plaintiff, due conditions of confinement, until the conclusion of that case.") (as written); Monical Decl. Ex. 1, ECF 64 (copy of subpoena); *see also* Monical Decl. Ex. I.5 at 5, ECF 151 at 27 (letter from plaintiff to Jackson County Sheriff describing various complaints about conditions of confinement, in which plaintiff writes that "a verbatim copy of this letter has been mailed to my attorney"); Farlow Decl. ¶ 9, ECF 249 (declaration from plaintiff's mother in which she describes meeting with "two of my son's attorney's" to talk about conditions of confinement). There is no dispute that on April 28, 2015, plaintiff submitted a kyte requesting access to the law library, and he was given law library access on April 30, 2015. Aldrich Decl. Ex. 5, ECF 233. Nor is there any dispute that plaintiff had access to paper, pens, mail, phone calls, and books during the relevant time. *Id.*, Exs. 11, 15, 16, 19, ECF 233. As previously stated, the constitutional right to access the courts "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. Plaintiff has not shown that defendants' occasional refusal to allow his access to the law library

prevented him from bringing a timely post-conviction claim within the applicable statute of limitations.

And finally, defendants' occasional restriction of plaintiff's access to the law library was justified because it was reasonably related to a legitimate penological interest. *See Turner v. Sasfley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). After all, plaintiff's previous escape from the Jackson County Jail was directly connected to the law library there; plaintiff had stolen a ring from a binder in the law library and used it to fashion a rope and harness that allowed him to escape through a mesh roof in the Jackson County Jail's recreation yard. Sickler Decl. ¶¶ 6–8, ECF 235. Thus, defendants were justified in limiting plaintiff's time in the law library based on his history of manipulating law library access to facilitate an escape. *Cf. Gluth v. Kangas*, 951 F.2d 1504, 1508 (9th Cir. 1991) (granting summary judgment in favor of inmates' access to courts claim where the evidence showed defendants had a "history of arbitrarily denying access" to the law library).

## ORDER

Defendants' motion for summary judgment (ECF 232) as to plaintiff's access to courts claim is granted. Plaintiff's motion for summary judgment (ECF 247) as to plaintiff's access to courts claim is denied.

IT IS SO ORDERED.

DATED May 23, 2023.

_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge